﻿Citation Nr: AXXXXXXXX
Decision Date: 11/30/20 Archive Date: 11/30/20

DOCKET NO. 200108-52697
DATE: November 30, 2020

REMANDED

Entitlement to service connection for a psychiatric disorder, including unspecified depressive disorder, to include as being secondary to traumatic brain injury (TBI), is remanded.

REASONS FOR REMAND

The Veteran served during the Gulf War Era in the Navy from July 14, 2003, to November 15, 2006.

Entitlement to service connection for a psychiatric disorder, including unspecified depressive disorder, to include as secondary to TBI, is remanded.

Regrettably, the Board finds a remand is necessary to obtain an opinion on whether the Veteran’s psychiatric disorder, including unspecified depressive disorder, is directly connected to his service, as the service treatment records document a psychiatric diagnosis. Additionally, while the examiner addressed whether the current psychiatric disorder was caused by the service-connected TBI, the examiner did not address whether the current psychiatric disorder was aggravated by the service-connected TBI. These are duty-to-assist errors in not obtaining these medical opinions.

Additionally, in reviewing the records, it shows that the Veteran underwent neuropsychological testing on July 20, 2006 at Balboa Naval Medical Center, but such testing results are not in the Veteran’s service treatment records or within the VA treatment records. The testing is addressed in VA treatment records, which confirms that such testing was performed. An attempt to obtain these records must be made. This testing was discussed within the July 2006 VA examination reports and, thus, is also a duty-to-assist error.

The matter is REMANDED for the following action:

1. Obtain the neuropsychological testing results from Balboa Naval Medical Center in San Diego, California, which testing was performed at that facility on July 20, 2006. 

2. Refer the Veteran’s claims file to the psychologist who evaluated the Veteran in April 2017, or to another appropriate examiner for addendum opinions regarding the likely etiology of the psychiatric disorder. The examiner is asked to review the record. If the examiner finds that an in-person examination is necessary, an examination should be scheduled and any indicated evaluations, studies, and tests deemed to be necessary by the examiner should be performed.

To assist in a review of the claims file, the examiner is informed of the following facts with citations in the record, where applicable:

• The Veteran served on active duty from July 2003 to November 2006. 

• The Veteran alleges he has a psychiatric disorder that is due to the traumatic brain injury he had in service.

• The Veteran is service connected for traumatic brain injury based on an injury he sustained during service in August 2005.

• Service treatment records show that in August 2005, the Veteran fell down a ladder on a ship and hit his head with a five-minute loss of consciousness. He was brought to the hospital and complained of headaches and had difficulty answering questions in the appropriate time manner. The Veteran denied alcohol use, but the hospital record shows that it was documented that he had “an alcohol of 3 when he presented.” See VBMS entry with document type, “STR - Medical,” receipt date 07/13/2007, with “#1” in the subject field, at p. 23.

• At the bottom of the above document, it shows “Page 1 of 4.” Pages 2 and 4 are not in the service treatment records, but page 3 shows that the Veteran fell seven feet. That page shows the examiner documented that the Veteran continued to have “some mild altered mental status” and thought “it could be postconcussive syndrome.” An impression of “Altered mental status” was entered. See VBMS entry with document type, “STR - Medical,” receipt date 07/13/2007, with “#1” in the subject field, at p. 70.

• The Veteran was hospitalized from January 2 to January 5, 2006 with noted suicidal ideation. The hospital summary shows that he had been having problems on several fronts since the accident on the USS Ronald Reagan. He and his wife had reported “significant personality changes” after the accident, such as the Veteran was more irritable, short tempered and verbally combative than before. The psychiatric resident and psychiatrist wrote that the Veteran had been excessively drinking leading to a diagnosis of alcohol abuse and that he had met the criteria for a clinical depressive episode over the last month and a half. He was diagnosed with depressive disorder not otherwise specified; R/O depression secondary to alcohol or a medical condition (head injury); and alcohol abuse. The Veteran was not suicidal at discharge and was prescribed Lexapro. See VBMS entry with document type, “STR - Medical,” receipt date 07/13/2007, with “#1” in the subject field, at pp. 46-47.

• Later in January 2006, the Veteran self-referred for substance abuse involving drinking. He reported started drinking regularly at age 17. This treatment record includes a discussion of the Veteran’s mental health history, medical history, social and development history, and mental status examination. The social worker diagnosed ETOH abuse and depressive disorder. See VBMS entry with document type, “STR - Medical,” receipt date 07/13/2007, with “#2” in the subject field, at pp. 29-31.

• From March 2006 to May 2006 (four weeks), the Veteran underwent treatment for alcohol abuse. He was also diagnosed with atypical depressive disorder. See VBMS entry with document type, “STR - Medical,” receipt date 07/13/2007, with “#2” in the subject field, at pp. 9-11. 

• A July 2006 VA mental disorders examination report shows the examiner diagnosed major depression, single episode, non-psychotic, and alcohol abuse. See VBMS entry with document type, “VA Examination,” receipt date 07/25/2006, with “#1” in the subject field, at pp. 4-6. 

• The evidence shows that the Veteran underwent neuropsychological testing in July 2006 at Balboa Naval Medical Center. Such testing results are not currently in the file, but VA is in the process of obtaining the testing results. Thus, they may have been added to the file after November 2020. See VBMS entry with document type, “Medical Treatment Record – Government Facility,” receipt date 11/28/2006.

• A November 2006 Physical Evaluation Board Proceedings show the Veteran was found to be unfit for service in November 2006 and his “unfitting conditions,” which included depressive disorder. See VBMS entry with document type, “Physical Evaluation Board Proceedings,” receipt date 11/27/2006.

• In May 2014, the Veteran presented to VA to establish care. A depression screen performed at that time was negative, but a PTSD screen was positive. See VBMS entry with document type, “CAPRI,” receipt date 01/10/2019, at pp. 163 165.

• In June 2014, the Veteran participated in a neurobehavioral status examination and clinical interview as a means of making a determination regarding the need for cognitive testing based on the Veteran’s past history of a TBI. See VBMS entry with document type, “CAPRI,” receipt date 01/10/2019, at pp. 136-138.

• In July 2014, the Veteran underwent a neuropsychological evaluation, which report includes background information, current complaints, medical history, substance use history/current use, psychiatric history/current status, legal involvement, social history, military history, education/work history, neurobehavioral status examination/behavioral observations, tests administered, test scores, test interpretation, summary and interpretations, and clinical recommendations. See VBMS entry with document type, “CAPRI,” receipt date 01/10/2019, at pp. 122-133.

• In July 2015, the Veteran was seen for management of his anxiety and depression. The examiner diagnosed TBI, depressive disorder, NOS, and anxiety disorder, mixed (GAD, SAD). See VBMS entry with document type, “CAPRI,” receipt date 01/10/2019, at pp. 73-78.

• An April 2017 Mental Disorders VA examination report shows the psychologist diagnosed unspecified depressive disorder and alcohol use disorder. See VBMS entry with document type, “C&P Exam,” receipt date 04/08/2017, with “DBQ PSYCH” in the subject field.

• The April 2017 VA examiner concluded the Veteran’s psychiatric disorder was less likely than not caused by the service-connected traumatic brain injury. See VBMS entry with document type, “C&P Exam,” receipt date 04/08/2017, with “DBQ Medical Opinion” in the subject field.

• The April 2017 examiner, however, did not address whether the current psychiatric disorder had its onset in service, as the Veteran was diagnosed with depressive disorder during service, and did not address whether the service-connected traumatic brain injury aggravated the psychiatric disorder.

• The examiner’s review of the record is NOT restricted to the evidence listed above. This list is provided in an effort to assist the examiner in locating potentially relevant evidence.

The examiner is asked to answer the following questions:

(a.) Is any diagnosed psychiatric disorder at least as likely as not (50 percent or greater likelihood) caused by or a result of service from July 14, 2003, to November 15, 2006?

(b.) If the answer to (a.) is negative, is any diagnosed psychiatric disorder at least as likely as not (50 percent or greater likelihood) aggravated by the service-connected traumatic brain injury?

Please explain your answers by citing to supporting clinical data and/or medical literature, as deemed appropriate.

The examiner is asked to provide a rationale for all conclusions reached with reference to relevant evidence of record and/or medical principles, as appropriate. If the examiner is unable to provide an opinion without resorting to speculation, he or she should explain why this is so and what, if any, additional evidence would be necessary before an opinion could be rendered. 

 

A. P. SIMPSON

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. Patton

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.